KOLLER LAW LLC
By: David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, Pa 19103
(215)545-8917
(215) 575-0826 (fax)
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COSTA MANOLOPOULOS** | : | |
| **675 E Street, Apt. 101** | : | |
| **Warminster, PA  18974** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **LOUIS DEJOY, POSTMASTER** | : | |
| **GENERAL, and the** | : | |
| **U.S. POSTAL SERVICE,** | : | |
| **475 L'Enfant Plaza, S.W.** | : | |
| **Washington, D.C. 20260** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff, Costa Manolopoulos (hereinafter "Plaintiff"), by and through his undersigned counsel, brings this action against Defendant, Louis DeJoy, Postmaster General and the U.S. Postal Service (hereinafter "Defendant" or "USPS"), for age and disability discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

## PARTIES

1. Plaintiff incorporates the preceding introductory paragraph as if set forth more fully at length herein.

2. Plaintiff, Costa Manolopoulos, is an adult individual residing at 675 E Street, Apt. 101, Warminster PA  18974

3. Defendant is a federal government entity providing mail delivery services.

4. Defendant is headquartered at 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

5. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year.

6. Defendant is an employer as defined under the Age Discrimination in Employment Act, the Americans with Disabilities Act, as amended, and the Pennsylvania Human Relations Act.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

8. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

9. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10. The Court may properly maintain personal jurisdiction over Defendant because of Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction such that it complies with the traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe

<u>Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

11. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

12. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

13. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and/or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

<u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

14. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

15. Plaintiff exhausted his administrative remedies under the ADEA, the ADA, and the PHRA.

16. On or about December 2, 2020, Plaintiff filed a complaint of discrimination with the United States Postal Service Equal Employment Opportunity ("EEO Agency"), Agency Case Number: 4C-190-0133-20, alleging age and disability discrimination against Defendant.  A true and correct copy of this charge is attached hereto as Exhibit "A".

17. On or about July 30, 2021, the EEO Agency dismissed Plaintiff's complaint, and Plaintiff received a Dismissal and Notice of Appeal Rights from the EEO Agency on or about August 4, 2021.  A copy of this dismissal is attached hereto as Exhibit "B".

18. Plaintiff files the instant Complaint within thirty (30) days of his receipt of the EEO

3

Agency dismissal.

19. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff was born on January 10, 1966.

22. On November 4, 2019, Plaintiff began working for Defendant as a City Carrier Assistant.

23. Plaintiff was well qualified for his position and performed well.

24. When Plaintiff first started work at Defendant's Morrisville office in November 2019, management was aware of his age due to his application materials.

25. On January 28, 2020, in the course of his employment, Plaintiff was involved in a car accident while at work.  This accident was not his fault; he was rear-ended.

26. Subsequent to this work-related car accident, Plaintiff treated at Jefferson Health in Oxford Valley.  He had neck pain and was diagnosed with a concussion.

27. The major life activities affected by neck pain and concussion include daily tasks such as sleeping, walking, pushing, pulling, lifting, sitting, and standing.

28. The doctor at Jefferson Health restricted Plaintiff from working fully for two days unless he had further symptoms.

29. Plaintiff's symptoms continued past two days.

30. Defendant was fully aware that Plaintiff had been involved in a car accident as he returned from the hospital and filed paperwork about the incident the same day.

31. Plaintiff provided medical documentation regarding this accident to Defendant's Morrisville Office as well as the Philadelphia USPS office, and representatives for federal workers' compensation.

32. The day after Plaintiff's accident, on or around January 29, 2020, customer service supervisor Chris Torrente ("Mr. Torrente") instructed Plaintiff not to report back to work when he was medically cleared.  Plaintiff was told by Mr. Torrente that he was terminated.

33. Mr. Torrente informed Plaintiff that he was terminated due to performance issues and gave him a termination letter indicating the same.  A copy of the January 29, 2020 termination letter is attached as "Exhibit C."

34. Plaintiff had not had any performance issues while working for USPS.

35. On the same day that he was informed that he was terminated, Plaintiff spoke with Mr. Torrente and an employee that would dispatch trucks, and he asked if he could prove that he was capable of performing his job.  Plaintiff was not, however, afforded this opportunity.

36. On the same day, Plaintiff also requested to speak with James Adam, Postmaster of Morrisville, and was denied.

37. Additionally, Plaintiff went to the Philadelphia office to speak with Human Resources and the Regional Supervisor.  Plaintiff was told by these individuals in Philadelphia that they would be in touch, but he never heard back.

38. Ongoing communication from Defendant made Plaintiff's employment status unclear.

39. On July 30, 2020, Plaintiff received a voicemail from management at Defendant that he was terminated for not reporting to work.

40. In his position, Plaintiff had never been late and had never missed a day of work.  He performed his position well.

41. Younger employees were not terminated—even after missing days or being late.

42. Older employees were talked about in a negative way at Defendant's Morrisville office.

43. Plaintiff believes that he was discriminated against due to his age and disability in violation of the ADEA, ADA, and PHRA. Plaintiff further believes that he was retaliated against for requesting a reasonable accommodation in violation of the ADA and PHRA.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

44. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

45. Plaintiff was born on January 10, 1966.

46. Plaintiff was qualified to perform the job.

47. Defendant treated younger employees more favorably than Plaintiff.

48. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

49. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

50. Defendant terminated Plaintiff.

51. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. Plaintiff was born on January 10, 1966.

54. Plaintiff was qualified to perform the job.

55. Defendant treated younger employees more favorably than Plaintiff.

56. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

57. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

58. Defendant terminated Plaintiff.

59. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff is disabled under the ADA.

62. Plaintiff was able to perform the essential functions of his job as a City Carrier Assistant with or without a reasonable accommodation.

63. Because of his disability, Plaintiff was substantially limited in major life activities, including but not limited to daily tasks such as sleeping, walking, pushing, pulling, lifting, sitting, and standing.

64. Plaintiff's termination on July 30, 2020 was the result of his disability.

65. At all times relevant, Defendant and its agents and employees knew or should have known of Plaintiff's disability which limited his major life activities.

66.  Plaintiff believes and therefore avers that Defendant discriminated against him because of his disability.

7

67. Upon information and belief, Plaintiff was treated worse than others outside of his protected class.

68. Upon information and belief, employees who did not have a disability were not subjected to termination for performance issues similar to those Plaintiff was alleged to have.

69. The above actions of Defendant constitute a violation of the ADA.

70. As a result of Defendant's violation, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV– DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff is disabled under the PHRA.

73. Plaintiff was able to perform the essential functions of his job as a City Carrier Assistant with or without a reasonable accommodation.

74. Because of his disability, Plaintiff was substantially limited in major life activities, including but not limited to daily tasks such as sleeping, walking, pushing, pulling, lifting, sitting, and standing.

75. Plaintiff's termination on July 30, 2020 was the result of his disability.

76. At all times relevant, Defendant and its agents and employees knew or should have known of Plaintiff's disability which limited his major life activities.

77. Plaintiff believes and therefore avers that Defendant discriminated against him because of his disability.

78. Upon information and belief, Plaintiff was treated worse than others outside of his protected class.

79. Upon information and belief, employees who did not have a disability were not subjected to termination for performance issues similar to those Plaintiff was alleged to have.

80. The above actions of Defendant constitute a violation of the PHRA.

81. As a result of Defendant's violation, Plaintiff suffered harm.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

1. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

2. Plaintiff engaged in activity protected by ADA when he requested reasonable accommodations.

3. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

4. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

5. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

6. Plaintiff engaged in activity protected by the PHRA when he requested reasonable accommodations.

7. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

8.  There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, Costa Manolopoulos, requests that the Court grant him the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the ADA, and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)      Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,
**KOLLER LAW LLC**

Date: September 3, 2021      **By:**     **/s/David M. Koller, Esq.**
                                          David M. Koller, Esquire
                                          Counsel for Plaintiff